**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALHASSAN ISSIFU ABUBAKAR, | Civil Action No. 18-150 (JMV/SCM) |
| Plaintiff, | |
| v. | **OPINION** |
| COUNTY OF ESSEX, | |
| Defendant. | |

**VAZQUEZ, District Judge:**

**I.   INTRODUCTION**

This matter comes before the Court upon Defendant County of Essex's ("Essex County" or "Defendant") unopposed motion to dismiss Plaintiff Alhassan Issifu Abubakar's *pro se* Complaint for failure to state a claim upon which relief can be granted.[1]  (Feb. 2, 2018 Mot., ECF No. 4.)  For the reasons set forth below, the Court will grant Defendant's motion without prejudice.

**II.   BACKGROUND**

Plaintiff initiated this action on or about November 2, 2017 by filing his Complaint against Essex County[2] in the Superior Court of New Jersey.  (*See* Pl.'s Compl., ECF No. 1 at PageID: 5-

---

[1] Although Defendant's motion fails to refer to any specific provision within the Federal Rules of Civil Procedure (*see*, *generally*, ECF No. 4-1), it is clear that Defendant is moving under Rule 12(b)(6).  (*See id.* at Page ID: 21 ("[P]laintiff's [C]omplaint fails to state a claim for relief.").)

[2] While the caption of that pleading identifies Defendant as "County of Essex," the body of Plaintiff's pleading sometimes refers to Defendant as "Essex County Correctional Facility."  (*See*, *e.g.*, ECF No. 1 at PageID: 5).  Defendant has proceeded in this matter as if Essex County and Essex County Correctional Facility are one and the same.  Thus, when Defendant removed this matter to federal court, it identified County of Essex as the lone defendant in this matter.  (ECF

8.) Essex County removed the matter to this Court on January 5, 2018 "because the cause of action brought by [P]laintiff involve[s] a federal question." (*See* Def.'s Notice of Removal, ECF No. 1 at PageID: 2, ¶ 2.) In so doing, it identified itself as the lone defendant in this action. Plaintiff has never challenged the propriety of that removal.

Plaintiff's Complaint details several distinct incidents that occurred while Plaintiff was confined at Essex County Correctional Facility[3] ("ECCF") in the summer of 2016 prior to Plaintiff's transfer out of ECCF on or about August 9, 2016. (ECF No. 1, at PageID: 6-7.) Plaintiff seeks monetary damages as relief. (*Id.* at Page ID: 7.)

Plaintiff claims that on June 10, 2016, "a female Correction Officer [named] Abdulah used excessive force [by] violently hitting me in my chest to push me[.]" (*Id.* at ¶ 10.) Plaintiff indicates that Officer Abdulah's actions did not cause "physical injury." (*Id.*) Plaintiff has not listed Officer Abdulah as a defendant, and there is nothing in the record to suggest that Plaintiff's failure to do so was inadvertent.[4] Plaintiff additionally claims that various unnamed ECCF staff members improperly refused to release him from ECCF in spite of Plaintiff twice presenting those unnamed individuals with a court order requiring his release. (*Id.* at PageID: 6, ¶¶ 3, 4.) Plaintiff

---

No. 1.) Plaintiff has never suggested that the manner in which Defendant removed this matter to federal court was improper. The Court is likewise unable to find fault with Defendant's approach. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015) ("The correct entity subject to suit under § 1983 for claims against [a county] jail [is] the county which operates the facility.") (citations omitted). To the extent Plaintiff intended to pursue separate Section 1983 claims against Essex County Correctional Facility, those claims would be dismissed. *Id.* ("A County jail . . . is not a person amenable to suit under [42 U.S.C. § 1983].") (citations omitted). The Court will therefore address Plaintiff's claims as they apply to Essex County only.

[3] These allegations are construed as true for purposes of this Opinion.

[4] For this reason, and in light of the additional considerations detailed below, the Court will not construe Plaintiff's Complaint as asserting separate claims against Officer Abdullah. The Court will, however, afford Plaintiff the opportunity to amend his pleading to formally assert a separate Section 1983 excessive force claim against Officer Abdullah, if he wishes to do so.

also avers that unidentified ECCF staff members refused to transport him to court hearings on August 1 and 9, 2016. (*Id.* at ¶¶ 7, 8.)

Plaintiff also details several issues related to the conditions of his confinement at ECCF. Plaintiff asserts that he was deprived of adequate recreation. (*Id.* at ¶ 6.) Plaintiff avers that the water in his cell was improperly turned off. (*Id.*) Plaintiff also alleges that he was unlawfully deprived of access to showers, drinking water, and meals. (*Id.*) Plaintiff fails to attribute these alleged deprivations to any particular individual.

Plaintiff's Complaint fails to connect any of the foregoing incidents and grievances to any specific actions or policies of Essex County, who is presently the only Defendant in this action. The Court is also unable to conclude that Plaintiff intends to pursue claims against anyone other than Defendant at this time because (1) Essex County is the only party in Plaintiff's Complaint formally identified as a Defendant, (2) it does not appear that Plaintiff has attempted to serve his Complaint on any other individual or entity, (3) Plaintiff has never challenged Essex County's assertion that it is the lone Defendant in this action, (4) in Plaintiff's most recent filing in this matter, he refers to this matter as "the civil suit [he] filed against . . the [County] of Essex" and does not refer to any other defendants (*see* Aug. 3, 2018 Letter, ECF No. 11 at Page ID: 60), and (5) Plaintiff has not proceeded in a manner which suggests that he is pursuing claims against any individual or entity other than Essex County.

Defendant filed the present motion to dismiss Plaintiff's Complaint on February 2, 2018. (ECF No. 4.) Defendant asserts that dismissal is appropriate because Plaintiff "fails to state a claim for relief." (ECF No. 4-1 at PageID: 21.) Plaintiff has not filed opposition.

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), courts may dismiss a complaint for failure

to state a claim upon which relief can be granted. For a complaint to survive Rule 12(b)(6) dismissal, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; accord Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. 662, 679 (2009).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. ANALYSIS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

>proceeding for redress[.]

42 U.S.C. § 1983. To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Based on the limited factual allegations detailed in Plaintiff's Complaint, it appears that Plaintiff may be attempting to claim that his constitutional rights were violated as a result of (1) his purported false imprisonment at ECCF when he was not released in spite of a court order requiring his release, (2) Officer Abdulah's alleged use of excessive force against him, and (3) the conditions of Plaintiff's confinement at ECCF, *i.e.*, insufficient recreation, lack of shower access, and deprivation of drinking water and food. In general, where an individual is falsely imprisoned, is the victim of excessive force, or is subject to inhumane conditions while imprisoned, he may have a viable claim under Section 1983. The Court recognizes – without deciding – that Plaintiff may ultimately be able to sufficiently plead Section 1983 claims against Officer Abdulah and other unnamed ECCF staff based on the facts alleged in the Complaint.

That said, the only party formally identified as a Defendant in this action at present is Essex County. Neither Plaintiff nor Defendant claims that there are additional defendants who were improperly excluded when Plaintiff's Complaint was removed to federal court. In light of these considerations, and because the factual allegations set forth in Plaintiff's Complaint are limited, the Court finds that Plaintiff's Complaint as currently pled does not assert causes of action against any entity or individual other than Essex County. The Court will afford Plaintiff leave to amend his pleading to clarify which additional specific claims, if any, he wishes to pursue and to clearly identify the additional specific persons, if any, he wishes to pursue those claims against.

Turning to Essex County, in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), the Supreme Court established that municipalities and other government entities were "persons" subject to liability under 42 U.S.C. § 1983 for constitutional rights violations, but that they were not liable under the doctrine of *respondeat superior* for the misconduct of their employees. *Monell*, 436 U.S. at 690-92; *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985). To prevail on a *Monell* claim, a plaintiff must first establish that the municipality had a policy or custom that deprived him of his constitutional rights. *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)). In other words, the plaintiff must show that the municipality, through one of its policymakers, affirmatively proclaimed the policy or acquiesced in the widespread custom that caused the violation. *Watson v. Abington Twp.*, 478 F.3d 144, 155-156 (3d Cir. 2007).

A plaintiff may show the existence of a policy when a decision-maker with final authority issues an official proclamation, policy, or edict. *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). Custom may be established by showing that a given course of conduct, "although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.*; *see also Watson*, 478 F.3d at 155-56; *Natale v. Camden Cnty. Corr. Fac.*, 318 F.3d 575, 584 (3d Cir. 2003) (defining "custom" as "'an act that has not been formally approved by an appropriate decisionmaker,' but that is 'so widespread as to have the force of law.'" (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997))).

Once a Section 1983 plaintiff identifies a municipal policy or custom, he must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 404; *see also Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984) (holding that proof of the existence of an unlawful policy or custom is not

enough to maintain a § 1983 action; instead a plaintiff must additionally prove that the policy or custom was the proximate cause of the injuries suffered); *Watson*, 478 F.3d at 156 (same). If the policy or custom does not facially violate federal law, causation can be established only by "demonstrat[ing] that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Id.* at 407 (citations omitted); *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000).

Plaintiff has not alleged sufficient facts that support a finding of liability against Essex County under the foregoing standards. Plaintiff's Complaint does not suggest that Essex County is responsible for implementing policies, procedures, or customs which violated Plaintiff's constitutional rights. Plaintiff's Complaint, as pled, fails to allege sufficient facts demonstrating that Essex County violated his constitutional rights. Plaintiff therefore has failed to adequately state a federal claim for relief. Any remaining potential basis for this Court to consider Plaintiff's state law claims – to the extent he is attempting to assert any – would lie within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* at § 1367(c)(3). The Court will exercise its discretion to decline supplemental jurisdiction over the state law claims Plaintiff may be pursuing in his Complaint.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint will be dismissed without prejudice. Because it is conceivable that Plaintiff may be able to amend his Complaint with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given the opportunity to file a proposed

7

amended complaint in this Court, should he elect to do so.[5]  An appropriate Order accompanies this Opinion.

Date: August 21, 2018                                        s/ John Michael Vazquez
At Newark, New Jersey                         JOHN MICHAEL VAZQUEZ
                                                                           United States District Judge

---

[5] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Wright & Miller, *supra*, at § 1476. In addition, to the extent Plaintiff wishes to proceed in this matter *in forma pauperis*, *i.e.*, without prepayment of fees, he will need to file a separate application with the Court in support of that request. The Court will therefore direct the Clerk to provide Plaintiff with the appropriate blank application form.